ORIGINAL

FILED

09/12/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0361

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0361

RUSSELL WADDELL and CASEY MAGAN,

Plaintiffs and Appellants,

v.

PAUL STUDER, RACHAEL STUDER, and the
SUMMER RIDGE HOMEOWNERS'
ASSOCIATION, a Montana Non-Profit
Corporation,

Defendants and Appellees.

FILED

SEP 1 2 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Appellee, Summer Ridge Homeowners' Association (Summer Ridge) moves to dismiss Appellants, Russell Waddell and Casey Magan's appeal pursuant to Mont. R. App. P. 4 and Mont. R. Civ. P. 58(e). The basis for Summer Ridge's motion is that the District Court has not ruled on Summer Ridge's motion for attorney fees and costs; therefore, Summer Ridge argues that Waddell and Magan's appeal is premature.

In their Notice of Appeal, Waddell and Magan acknowledge that Mont. R. App. P. 4(1)(a) requires that costs and attorney fees be determined pursuant to the definition of "final judgment." However, Waddell and Magan note that they opposed Summer Ridge's motion for attorney fees and costs in the District Court on the basis that the motion is untimely. Waddell and Magan are concerned that "they could potentially lose their right to appeal if it is determined that no *timely* motions for attorney fees were made under Rule 54(d), M. R. Civ. P., so that the 30-day time for Appellants to appeal would potentially begin after the last claims in controversy were determined by the District Court's May 31, 2023 Orders." (Emphasis in original.) Based on this concern, Waddell and Magan filed their Notice of Appeal as to the District Court's May 31, 2023 Orders "out of an abundance of caution."

Summer Ridge characterizes Waddell and Magan's concern as "unfounded." Summer Ridge asserts: "The time to appeal will not commence until the District Court issues final

judgment on all issues including the attorney's fees and costs motions, which the District Court has not done."

Mont. R. App. P. 4(5)(a)(iii) provides:

A notice of appeal filed prior to the district court's ruling on any necessary determination of the amount of costs and attorney fees awarded, or sanctions imposed, may be dismissed sua sponte and shall be dismissed upon the motion of any party. The district court is not deprived of jurisdiction to enter its order on a timely motion for attorney fees, costs, or sanctions by the premature filing of a notice of appeal, in accordance with Rule 58(e), M. R. Civ. P.

Mont. R. App. P. 4(5)(a)(iii) includes two discrete provisions: (1) that a notice of appeal filed prior to the district court's ruling on any necessary determination of the amount of costs and attorney fees awarded, or sanctions imposed . . . *shall* be dismissed upon the motion of any party (emphasis added); and (2) that the district court is not deprived of jurisdiction to enter its order on a timely motion for attorney fees, costs, or sanctions by the premature filing of a notice of appeal.

In response to Summer Ridge's motion to dismiss their appeal, Waddell and Magan emphasize the "timely motion" language in the latter provision of Mont. R. App. P. 4(5)(a)(iii), regarding the District Court's retention of jurisdiction over a motion for attorney fees, costs, or sanctions, notwithstanding a premature filing of a notice of appeal. Waddell and Magan argue that Summer Ridge's motion for attorney fees and costs in the District Court was not timely. Waddell and Magan argue that since Summer Ridge's motion for attorney fees and costs was untimely, the matter is ripe for appellate review. But as Waddell and Magan noted, part of the basis for their opposition to Summer Ridge's motion for attorney fees and costs in the District Court is their contention that the motion was untimely. Thus, the motion for attorney fees and costs—including whether or not the motion was timely—requires a ruling from the District Court before an appeal can be taken pursuant to the provisions of Mont. R. App. P. 4 and Mont. R. Civ. P. 58(e).

2

The fundamental problem with Waddell and Magan's argument that Summer Ridge's motion for attorney fees and costs was untimely is that, at this juncture, it is just an argument. The issue has not been conceded by Summer Ridge, nor has it been ruled upon by the District Court. Whether or not the argument has merit is for the District Court to rule upon and for this Court to consider on appeal if the District Court's ruling is presented to us. Waddell and Magan are effectively asking this Court to bypass the District Court's consideration of the argument and render a dispositive ruling on a pending District Court motion. We decline to do so.

Waddell and Magan's appeal is premature. Waddell and Magan may seek an appeal again after the District Court has issued a final judgment assessing attorney's fees and costs. Therefore,

IT IS ORDERED that Summer Ridge's Motion to Dismiss is GRANTED and this appeal is DISMISSED without prejudice.

The Clerk is directed to provide this Order to: the Honorable Peter B. Ohman, District Court Judge; Jennifer Brandon, Clerk of District Court, Gallatin County, under Cause No. DV-20-1267A; and counsel of record.

DATED this 12 day of September, 2023

_____
Chief Justice

_____

_____

_____

_____
Justices

3